# UNITED STATES DISTRICT COURT
## District of Kansas
(Topeka Docket)

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

v.                                  CASE NO.  24-40040-TC-RES

**DOUGLAS HARPSTER,**
        **Defendant.**

## SEALED INDICTMENT

**THE GRAND JURY CHARGES**:

## COUNT 1

**SEXUAL EXPLOITATION OF A MINOR – RECEIPT OF CHILD PORNOGRAPHY**
**[18 U.S.C. § 2252(a)(2) and (b)]**

On or about the 25th day of December, 2021, in the District of Kansas, the defendant,

**DOUGLAS HARPSTER**

did and attempted to knowingly receive one (1) or more visual depictions of a minor using any means and facility of interstate and foreign commerce, and that had been mailed, and had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been mailed and so shipped and transported, by any means including by computer, and the production of said visual

1

depictions involved the use of a minor engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, and said visual depictions were of such conduct.

In violation of Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(2), with reference to Title 18, United States Code, Section 2252(b)(1).

## COUNT 2

**SEXUAL EXPLOITATION OF A MINOR – RECEIPT OF CHILD PORNOGRAPHY**
**[18 U.S.C. § 2252(a)(2) and (b)]**

On or about the 2nd day of April, 2022, in the District of Kansas, the defendant,

**DOUGLAS HARPSTER**

did and attempted to knowingly receive one (1) or more visual depictions of a minor using any means and facility of interstate and foreign commerce, and that had been mailed, and had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been mailed and so shipped and transported, by any means including by computer, and the production of said visual depictions involved the use of a minor engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, and said visual depictions were of such conduct.

In violation of Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(2), with reference to Title 18, United States Code, Section 2252(b)(1).

## COUNT 3

**SEXUAL EXPLOITATION OF A MINOR – RECEIPT OF CHILD PORNOGRAPHY**
**[18 U.S.C. § 2252(a)(2) and (b)]**

On or about the 13th day of August, 2022, in the District of Kansas, the defendant,

**DOUGLAS HARPSTER**

did and attempted to knowingly receive one (1) or more visual depictions of a minor using any means and facility of interstate and foreign commerce, and that had been mailed, and had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been mailed and so shipped and transported, by any means including by computer, and the production of said visual depictions involved the use of a minor engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, and said visual depictions were of such conduct.

In violation of Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(2), with reference to Title 18, United States Code, Section 2252(b)(1).

## COUNT 4

**SEXUAL EXPLOITATION OF A MINOR – RECEIPT OF CHILD PORNOGRAPHY**
**[18 U.S.C. § 2252(a)(2) and (b)]**

On or about the 27th day of August, 2022, in the District of Kansas, the defendant,

**DOUGLAS HARPSTER**

did and attempted to knowingly receive one (1) or more visual depictions of a minor using any means and facility of interstate and foreign commerce, and that had been mailed, and had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been mailed and so shipped and transported, by any means including by computer, and the production of said visual

depictions involved the use of a minor engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, and said visual depictions were of such conduct.

In violation of Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(2), with reference to Title 18, United States Code, Section 2252(b)(1).

## COUNT 5

**SEXUAL EXPLOITATION OF A MINOR – POSSESSION OF CHILD PORNOGRAPHY**
**[18 U.S.C. § 2252(a)(4)(B)]**

On or before the 9th day of February, 2023, in the District of Kansas, the defendant,

**DOUGLAS HARPSTER**

did knowingly possess and access with intent to view one (1) or more matters which contained any visual depiction of a minor, that involved prepubescent minors and minors who had not attained 12 years of age, that had been mailed, shipped and transported using any means and facility of interstate and foreign commerce, including by a computer, and was produced using materials which had been so mailed and shipped and transported, and the production of such visual depiction involved the use of minors engaging in sexually explicit conduct as defined in Title 18, United States Code, Section 2256, and such visual depictions were of such conduct.

In violation of Title 18, United States Code, Section 2252(a)(4)(B), with reference to Title 18, United States Code, Section 2252(b)(2).

## **FORFEITURE NOTICE**

1. The allegations contained in Counts 1-8 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, § 2253(a).

2. Upon conviction of one or more of the offenses set forth in Counts 1-8, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 2253(a), any and all property used or intended to be used in any manner or part to commit or to promote the commission of such offenses or any property traceable to such property, including but not limited to:

   A. Black Samsung S10+ SM-G975U1 cell phone;

   B. Cooler Master Desktop computer SN RC912KKN11105100534 and drives;

   C. Black MSI MS-1607 laptop computer SN K2005N0113947 and drive;

   D. Silver Lenovo IdeaPad Yoga 13 laptop computer SN EB31819086 and drive;

   E. Supermicro 24-bay server SN C84600751A10147 and drives; and

   F. Silver Apple MacBook Pro A2159 EMC 3301 SN FVFYV2ZTL411.

3. If any of the property described above, as a result of any act or omission of the defendant:

   A. cannot be located upon the exercise of due diligence;

   B. has been transferred or sold to, or deposited with, a third party;

5

   C. has been placed beyond the jurisdiction of the court;

   D. has been substantially diminished in value; or

   E. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

          A TRUE BILL.

July 17, 2024        s/Foreperson
DATE          FOREPERSON OF THE GRAND JURY


KATE E. BRUBACHER
UNITED STATES ATTORNEY

By: /s/ Sara L. Walton
Sara L. Walton
Assistant United States Attorney
District of Kansas
444 Quincy St., Suite 290
Topeka, Kansas  66683
Ph: (785) 295-2850
Fax: (785) 295-2853
Email: sara.walton@usdoj.gov
Ks. S. Ct. No. 24106

---

  IT IS REQUESTED THAT THE TRIAL BE HELD IN TOPEKA, KANSAS

---

# PENALTIES

**Counts 1 through 4 : 18 U.S.C. § 2252(a)(2) and (b):**

- Punishable by a term of imprisonment of not less than five (5) years and not to exceed twenty (20) years. 18 U.S.C. § 2252(b)(1).

- A term of supervised release of at least five (5) years and not to exceed life. 18 U.S.C. § 3583(k).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- Restitution. 18 U.S.C. § 2259(a).

- A child pornography assessment not to exceed $35,000. 18 U.S.C. § 2259A(a)(1).

- A Justice for Victims of Trafficking Act assessment of $5,000. 18 U.S.C. § 3014(a)(3).

- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such violation after a prior conviction relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children has become final, the penalties are:

- Punishable by a term of imprisonment of not less than fifteen (15) years and not to exceed forty (40) years. 18 U.S.C. § 2252(b)(1).

- A term of supervised release of at least five (5) years and not to exceed life. 18 U.S.C. § 3583(k).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- Restitution. 18 U.S.C. § 2259(a).

- A child pornography assessment not to exceed $35,000. 18 U.S.C. § 2259A(a)(1).

- A Justice for Victims of Trafficking Act assessment of $5,000. 18 U.S.C. § 3014(a)(3).

- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**Count 5: 18 U.S.C. § 2252(a)(4)(B):**

- Punishable by a term of imprisonment not to exceed ten (10) years. 18 U.S.C. § 2252(b)(2).

- If the defendant is found to have possessed any matter that involved prepubescent minors or minors who have not attained 12 years of age, the offense is punishable by a term of imprisonment not to exceed twenty (20) years. 18 U.S.C. § 2252(b)(2).

- A term of supervised release of at least five (5) years and not to exceed life. 18 U.S.C. § 3583(k).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- Restitution. 18 U.S.C. § 2259(a).

- A child pornography assessment not to exceed $17,000. 18 U.S.C. § 2259A(a)(1).

- A Justice for Victims of Trafficking Act assessment of $5,000. 18 U.S.C. § 3014(a)(3).

- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such violation after a prior conviction relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children has become final, the penalties are:

- Punishable by a term of imprisonment not less than ten (10) years and to exceed twenty (20) years. 18 U.S.C. § 2252(b)(2).

- A term of supervised release of at least five (5) years and not to exceed life. 18 U.S.C. § 3583(k).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- Restitution. 18 U.S.C. § 2259(a).

- A child pornography assessment not to exceed $17,000. 18 U.S.C. § 2259A(a)(1).

- A Justice for Victims of Trafficking Act assessment of $5,000. 18 U.S.C. § 3014(a)(3).

- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.