# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**
          **PLAINTIFF,**

**vs.**                                                    **Case No. 5:24-cr-40040-TC**

**DOUGLAS HARPSTER,**
          **DEFENDANT.**

## GOVERNMENT'S NOTICE OF INTENT AND MOTION TO ADMIT *RES GESTAE* EVIDENCE AND EVIDENCE PURSUANT TO FED.R.EVID. 414 AND 404(b)

Comes Now, the United States of America, by and through Assistant United States Attorney, Sara L. Walton, and hereby files its Notice of Intent and Motion to Admit *Res Gestae* Evidence and Evidence Pursuant to Fed.R.Evid. 414 and 404(b). In accordance with the Court's Trial Order (Doc. 26) and applicable deadlines, the government files this notice and motion. Further, the government has previously disclosed all available discovery related to the proffered evidence to the defense.

### Relevant Factual Summary

#### 1. *Freenet*

In summary, Freenet is an internet-based peer-to-peer network that allows users to anonymously share files, chat on message boards, and access websites within the network. When a user uploads a file to Freenet, the software breaks down

1

the file into pieces (called "blocks") and encrypts each piece. The encrypted pieces are then distributed randomly and stored throughout the users network of peers and beyond.

The software also creates an index piece that contains a list of all the pieces of the file and unique key that is required to download the file. The key is a series of letters, numbers and special characters. Users can locate keys from message boards associated with Freenet, from Freenet's filesharing page; or directly through the user's web browser while the user is connected to the Freenet network. Once a user attempts to download a file via Freenet, the software downloads the piece of the file containing the index. Freenet then requests all of the pieces of the file from the user's peers. Freenet divides the requests in a roughly equal portion to each of the user's peers. If the user's peer does not have the particular piece in its storage, that peer will then divide up the request in rough equally amounts and send to its peers.

Because of the enhanced anonymity and anticensorship features of Freenet, it is used by individuals who engaged in the trafficking of CSAM to avoid detection. To investigate the use of Freenet for such criminal behavior, law enforcement collects keys associated with previously identified CSAM files that are being shared and advertised on Freenet which are known as "files of interest." Law enforcement utilizes the "files of interest" to identify the original requesting computer and further investigations into individuals involved in the trafficking of CSAM.

2

## 2. Identification of Defendant

In October of 2022, the FBI received information that a computer using IP address 70.179.157.91 was downloading known CSAM files (files of interest) from Freenet. The geolocation information for that IP address returned to Salina, Kansas. The user of the computer was identified as the defendant, Douglas Harpster. Specifically, the FBI confirmed the defendant, as the originating computer, downloaded, or attempted to download, files of interest on December 25, 2021, April 2, 2022, August 13, 2022, and August 27, 2022.

In December of 2022, the FBI received additional information that IP address 70.179.157.91 was used approximately 35 times to download files of interest from Freenet (including the dates identified above).

On February 8, 2023, the FBI executed a search warrant on the defendant's residence in Salina and seized multiple electronic devices and electronic storage devices.

## 3. Interview of the Defendant

Special Agent Brandon LaMar interviewed the defendant on that same date. During the interview, the defendant stated he was a data-hoarder and had a large collection of movies and TV shows. He stated he was familiar with Freenet but did not use it at all. During the interview, the defendant denied agents would locate CSAM on any of his devices. However, during the interview, the defendant admitted that he downloaded CSAM a handful of times when he was in college. He guessed it was around 1996, and that the statute of limitations would be up. He acknowledged

3

that he opened and viewed the files.  He refused to answer whether he masturbating to the images.

### 4. *Indictment*

On July 17, 2024, a Grand Jury returned a four-count Indictment alleging the defendant violated Title 18, United States Code, Section 2252(a).  Specifically, the Indictment alleges that following:

**Count 1:**    On December 25, 2021, the defendant violated 18 U.S.C. § 2252(a)(2);

**Count 2:**    On April 2, 2022, the defendant violated 18 U.S.C. § 2252(a)(2);

**Count 3:**    On August 13, 2022, the defendant violated 18 U.S.C. § 2252(a)(2);

**Count 4:**    On August 28, 2022, the defendant violated 18 U.S.C. § 2252(a)(2); and

**Count 5:**    Before February 8, 2024, the defendant violated U.S.C. § 2252(a)(4).

### Law and Analysis

The government seeks to admit evidence of the defendant's additional attempts to receive CSAM on occasions not charged in the current Indictment and his statements to agents that he previously downloaded and viewed CSAM under three theories: (1) *res gestae*; (2) Fed.R.Evid. 414; and (3) Fed.R.Evid. 404(b).

### 1. *Res Gestae*

The Government first requests this Court to find the proffered evidence of the defendant's pattern of trafficking CSAM is admissible as *res gestae* evidence. The specific evidence the government seeks to introduce as *res gestae* evidence comes from

4

the Freenet Target Summary and reports from Special Agent Anthony Peterson, as well as the defendant's statements of previous criminal conduct.

First, on August 13, 2022, the defendant attempted to download three separate files of CSAM.  The government has alleged only a single violation of 18 U.S.C. § 2252(a)(2) associated with August 13, 2022 (Count 3).  To the extent the defendant objects to testimony regarding the attempts to download three separate files on August 13, 2022, the government files this notice of intent and legal authority for the introduction of all the defendant's attempts to download three CSAM files on August 13, 2022.  Second, the government seeks to admit evidence that a computer connected to the defendant's IP address downloaded/attempted to download at least 35 known CSAM files from Freenet between December 25, 2021 and December 11, 2022.  Of these 35 videos, the defendant is charged with three in the Indictment. Third, the government seeks to introduce the defendant's statements to Special Agent LaMar that he downloaded and viewed child pornography a handful of times when he was in college and that the statute of limitations should be up for those offenses.

"Evidence of other crimes should not be suppressed when those facts come in as *res gestae* – as part and parcel of the proof of the offense charged in the indictment." *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995) (alterations and internal quotation marks omitted). *Res gestae* evidence is permitted "when it provides context for the crime, is necessary to a full presentation of the case, or is appropriate in order to complete the story of the crime on trial by proving its immediate context or the res gestae." *Id.*

> Evidence of other bad acts may be extrinsic or intrinsic depending in its relationship to the charged offense. Intrinsic other acts evidence encompasses conduct 'inextricably intertwined with the charged crime such that a witness's testimony would have been confusing and incomplete without mention of the prior act. (citations omitted).

*United States v. Piette*, 45 F.4th 1142, 1155 (10th Cir. 2022).

*Res gestae* evidence is not subject to Rule 404(b), but is subject to Rule 403 balancing. *Id.* The evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed.R.Evid. 403.

The proffered evidence of the defendant pattern of behavior and the defendant's history with CSAM would aid the jury by giving the jury an overall picture of his conduct and a complete understanding as to the defendant's intention and interest in minor children. This evidence is so "inextricably intertwined" with the specific charged instances of receipt and possession of CSAM that the doctrine of *res gestae* applies to the admission of this evidence.

Moreover, the probative value of the evidence substantially outweighs the danger of unfair prejudice. Evidence is not unfairly prejudicial merely because it damages a party's case. *United States v. Curtis*, 344 F.3d 1057, 1067 (10th Cir. 2003). Rather, "to be unfairly prejudicial, the evidence must have an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008). Here, evidence of the defendant's history of engaging in the trafficking to CSAM is highly probative. The evidence will eliminate any confusion on the part of the jury as to who was using the defendant's IP address to seek out CSAM and whether he was

the individual engaged in the trafficking as alleged in Counts 1 through 5 of the Indictment.

Furthermore, the temporal proximity of the other attempts to download CSAM to the offense conduct shows the defendant acted intentionally and did not access Freenet and seek out CSAM by mistake. His statements that he previously downloaded CSAM likewise demonstrates the intentionality of his conduct. Although this evidence is prejudicial to the defendant, it is not *unfairly* prejudicial. Further, the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice and should be admitted as *res gestae* evidence.

As such, the evidence as listed above should be admitted as *res gestae* evidence.

### 2. Fed.R.Evid. 414

The same evidence that should be admitted as *res gestae* could also be admitted pursuant to Federal Rule of Evidence 414, which provides an exception to 404(b)'s prohibition on propensity evidence.

> Rule 414 provides an exception, applicable in criminal child-molestation cases (including child pornography cases), to the general prohibition of evidence regarding the defendant's propensity to commit crimes or other bad acts. *United States v. Benally*, 500 F.3d 1085, 1089–90 (*citing United States v. Guardia*, 135 F.3d 1326, 1331 (10th Cir. 1998)). Rule 414(a) reads: "In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 414(a). After finding that evidence satisfies the threshold requirements of Rule 414, the district court must apply the Rule 403 balancing test. *United States v. Strum*, 673 F.3d 1274, 1284 (10th Cir. 2012) (*citing United States v. Meacham*, 115 F.3d 1488, 1492 (10th Cir. 1997)). The Tenth Circuit has held that 'courts are to "liberally" admit evidence of prior uncharged sex offenses,' but cannot ignore the balancing requirement of Rule 403."

*United States v. Mann*, 193 F.3d 1172, 1173 (10th Cir. 1999) (quoting *Meacham*, 115 F.3d at 1492).

A court must initially find that three requirements are met before it may exercise its discretion to admit evidence offered under Rule 414: (1) the court must determine that the defendant "is accused of an offense of child molestation"; (2) the court must determine that the proffered evidence is evidence of the defendant's commission of another offense or offenses of child molestation; and (3) the court must determine that the proffered evidence is relevant. *United States v. McHorse,* 179 F.3d 889, 897–98 (10th Cir. 1999). The admission of evidence under Rule 414 does not require a prior conviction and detailed evidence of uncharged acts can be sufficient to conclude the acts occurred. *United States v. Magnan*, 756 Fed Appx. 807, 821 (10th Cir. 2018).

Rule 414(d)(2) defines "child molestation" as a crime under federal law or under state law (as "state is defined in 18 U.S.C. § 513") involving "any conduct prohibited by 18 U.S.C. Chapter 110" as well as "contact between any part of the defendant's body – or an object – and a child's genitals or anus."  Rule 414(d)(1) defines "child" as a "person below the age of 14."

A. *The proffered evidence satisfies the three conditions for admission under Rule 414.*

The proffered evidence satisfies the three conditions for admission. First, the defendant is accused of offenses of child molestation. Rule 414(d)(2)(B) defines child molestation in pertinent part as any conduct prohibited by 18 U.S.C. Chapter 110.

8

The defendant is charged with four counts of Sexual Exploitation of a Child in violation of 18 U.S.C. § 2252(a). These offenses are included in Chapter 110.

Second, the proffered evidence is evidence of the defendant committing a child molestation offense. Evidence of the additional trafficking activities is further evidence of the defendant committing multiple violations of 18 U.S.C. §§ 2252 and/or 2252A, which are Chapter 110 offense and therefore, pursuant to Rule 414(d)(2)(B), are child molestation offenses.

Third, the proffered evidence is relevant as it demonstrates the defendant has a particular propensity and has a bearing on the crime charged. *United States v. Guardia*, 135 F.3d 1326, 1328 (10th Cir. 1998) ("A defendant with a propensity to commit acts similar to the charged crime is more likely to have committed the charged crime than another. Evidence of such propensity is therefore relevant."). Rule 414 is "based on the principle that evidence of child molestation is inherently probative of the propensity to commit other acts of child molestation or abuse, including child pornography offenses." *United States v. Mercer*, 653 Fed. Appx. 622, 628 (10th Cir. June 27, 2016). Evidence of acts of child molestation is also relevant to show a sexual interest in children. *See United States v. Charley*, 189 F.3d 1251, 1260 (10th Cir. 1999) (finding no abuse of discretion in admitting a defendant's prior conviction for sexual molestation of his granddaughter pursuant to Rule 414 in trial on allegations of sexual abuse.)

The evidence of the defendant's pattern of engagement in the sexual exploitation of children is also relevant to show defendant's intent to receive and

possess or access with the intent to view sexually explicit conduct and that the images were not sought out or possessed for an innocent purpose.

In conclusion, the proffered evidence is admissible pursuant to Rule 414 because it meets the three factors of admissibility. This evidence demonstrates the defendant's propensity to commit the charged offenses, sexual interest in children, and proof of the defendant's intent.

B. *The proffered evidence is more probative than prejudicial.*

If the court determines the proffered evidence is relevant, the court must then follow with a Rule 403 balancing. The "exclusion of evidence under Rule 403 that is otherwise admissible under the other rules is an extraordinary remedy and should be used sparingly." *United States v. Smalls*, 605 F.3d 765, 787 (10th Cir. 2010). Further, even though the court must conduct a Rule 403 balance, the court is to liberally admit evidence of uncharged sex offenses. *Meacham*, 115 F.3d at 1492.

Rule 403 provides:

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

When performing a Rule 403 balancing in the context of Rule 414, the court must consider: (1) how clearly the other act has been proved; (2) how probative the evidence is of the material fact it is admitted to prove; (3) how seriously disputed the material fact is; and (4) whether the government can avail itself of any less prejudicial evidence." *United States v. McHorse*, 179 F.3d at 898 (quoting *United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir.1998)). No single factor is dispositive. *United*

10

*States v. Mann*, 193 F.3d 1172, 1174–75 (10th Cir.1999). The first factor requires the district court to "make a preliminary finding that a jury could reasonably find by a preponderance of the evidence that the prior similar sexual act occurred". *Id.*

When analyzing the probative dangers, a court needs to consider: "1) how likely is it such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the jury from the central issues of the trial; and 3) how time consuming it will be to prove the prior conduct." *McHorse*, 179 F.3d at 898.

First, the proffered evidence must only be proven by a preponderance of the evidence. *See United States v. McHorse*, 178 F.3d 889, 899 (10th Cir. 1999) (government only must establish defendant's prior acts under Rule 414 by a preponderance). Agents will testify how the FBI gathers information on users of Freenet attempting to download previously identified CSAM files. Likewise, agents will testify that the FBI maintains a log or list of known CSAM files, referred to as "files of interest" for use in their investigations into individuals using Freenet to traffic CSAM. Additionally, the defendant's statement regarding his past behavior is reliable as it is unlikely he would fabricate prior law violations that also incriminate him in the current conduct.

Second, as previously discussed, this evidence is highly probative of material facts, including the defendant's intent, absence of mistake, his sexual interest in children, and provides explanation and context of the videos and images found on the defendant's electronic devices. Third, the disputed material fact is serious as the

11

defendant has pled not guilty and invoked his right to a jury trial. Lastly, the government cannot avail itself of any less prejudicial evidence as the pattern of behavior can only be established through testimony regarding the other attempts to download known CSAM files and the defendant's own statements that he engaged in the conduct while in college are the only evidence available to the government.

In considering the probative dangers of the proffered evidence, it is unlikely the evidence will contribute to an improperly biased jury verdict. The evidence will not distract the jury from the central issues at trial, as it goes to the issue at hand. Moreover, the evidence will not be overly time consuming.  The evidence will not be unnecessarily time consuming or cumulative as it will not require the testimony of any additional witnesses. The government will present the proffered evidence through the testimony of Special Agents LaMar, Special Agent Peterson and the defendant's own verbal statements. The government will narrowly tailor its line of questioning in presenting the testimony and will not seek to introduce additional CSAM images associated to the uncharged conduct. *See United States v. Roberts*, 185 F.3d 1125, 1142 (10th Cir. 1999) (affirming discretion to admit testimony regarding other uncharged acts from six victims despite the extension in trial time); *see also United States v. Golubski*, No. 22-cr-40055-TC-1, 2024 WL 1199256, at *7 (D. Kan. Mar. 20, 2024) (inclusion of testimony of five other victims was not unnecessarily time consuming when Government narrowly tailored it's line of questioning to similarities between other acts and charged acts).

12

Given the nature of the charges against the defendant, the proffered evidence is admissible under Rule 414 to show the defendant's propensity, his sexual interest in minor children, and proof of intent to distribute, receive and possess sexually explicit material. Further, the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

### 3.  Fed.R.Evid. 404(b)

The government seeks to admit additional evidence of other crimes, wrongs, or pursuant to Fed. R. Evid. 404(b). The sexual molestation evidence and statements of the minor victims and defendant as detailed above should be permitted because it *is res gestae* and pursuant to 414.  However, the evidence above could also be admitted pursuant to Rule 404(b).  This motion should be considered notice of the Government's intent to introduce this evidence pursuant to this alternate theory as well.  In sex offense cases, evidence may be offered and admitted on both bases. *United States v. Levinson*, 504 Fed.Appx. 824, 827 (11th Cir. 2013); *see also Meacham*, 115 F.3d at 1490-91, 1495 (admission of evidence proper under both 404(b) and 414).

Assuming *arguendo* that defendant's statements regarding his history of viewing CSAM and the use of his IP address on multiple uncharged occasions to seek out CSAM via Freenet was somehow deemed inadmissible under Rule 414, it would still be properly admitted under Rule 404(b).

Rule 404(b) provides: "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, other crime evidence

13

"may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Rule 404(b) evidence "should not lightly be excluded when it is central to the prosecution's case" as it is a "rule of inclusion rather than a rule of exclusion." *United States v. Roberts*, No. 09-3245, 417 Fed. Appx. 812, 819 (10th Cir. March 29, 2011)(unpublished); *United States v. Tan*, 254 F.3d 1204, 1208(10th Cir. 2001). "The list provided in the rule is not exhaustive and the range of relevancy outside the ban is almost infinite." *United States v. Ellisor*, 522 F.3d 1255, 1267 (11th Cir. 2008).

Evidence is admissible under Rule 404(b) if the following factors are satisfied: "(1) the evidence must be offered for a proper purpose; (2) it must be relevant; (3) its probative value must not be substantially outweighed by its potential for unfair prejudice under Rule 403; and (4) the court must give a proper limiting instruction, if it is requested by the defendant." *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988).

The defendant's history in the trafficking of CSAM and the use of his IP address to use Freenet to seek out CSAM is offered for proper purposes and is relevant to show the defendant's prurient sexual interest in children, plan, criminal intent, lack of mistake or accident in the commission of the charged offense, knowledge, state of mind, and *modus operandi*. See *United States v. Hill*, 60 F.3d 672, 676 (10th Cir. 1995) (defendant who enters a not guilty plea makes intent a material issue which imposes substantial burden on the government.)

14

The evidence "has a tendency to make [facts] more or less probable than it would be without the evidence." *See* Fed.R.Evid. 401. While this type of evidence may be naturally prejudicial to a defendant, the evidence's potential for unfair prejudice does not substantially outweigh its probative value.

Lastly, the use of a limiting instruction will ensure the jury consider the evidence for the proper purposes and will reduce the risk the jury improperly considers the other crime, wrong, or act.[1]

## Conclusion

Based on the above arguments and authorities, the Government requests the court find the proffered evidence admissible pursuant to *res gestae*, Rule 414, and/or Rule 404(b). WHEREFORE, it is respectfully requested that the Court grant the Government's motion.

Respectfully Submitted,

RYAN A. KRIEGSHAUSER
UNITED STATES ATTORNEY


/s/ Sara L. Walton    4/29/2024
Sara L. Walton, #24106
Assistant United States
Attorney District of Kansas
444 SE Quincy,
Suite 290
Topeka, KS 66683
Phone: (785) 295-2680
sara.walton@usdoj.gov

---

[1] If the courts admit this evidence as res gestae, then a 404(b) limiting instruction would not be proper.

15

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Kirk Redmond, attorney for defendant.

s/ Sara L. Walton

Sara L. Walton

Assistant United States Attorney
