# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
          PLAINTIFF,


vs.                                              Case No. 5:24-cr-40040-TC



DOUGLAS HARPSTER,
          DEFENDANT.


## GOVERNMENT'S NOTICE OF INTENT TO OFFER BUSINESS RECORDS PURSUANT TO FED. R. EVID. 902(11) AND 803(6) AND (7)

Comes Now, the United States of America, by and through Assistant United States Attorney, Sara L. Walton and hereby gives notice of its intention to offer exhibits at trial pursuant to Fed. R Evid. 902(11) and 803(6) and (7). The records which the government intends to introduce in this manner have previously been provided to the defendant through discovery in this case. The government intends to offer certified records from Cox Communications during its case-in-chief.  The certification of the records is attached.

### ARGUMENTS AND AUTHORITIES

Rule 902 of the Federal Rules of Evidence provides that certain evidence is self-authenticating and requires no extrinsic evidence of authenticity to be admitted. Subsection 11 allows the foundation for business records to be met by a

certification that satisfies the requirements of Rule 803(6). This subsection of Rule

902 is set forth below:

Fed. R. Evid. 902(11) provides:

**Certified Domestic Records of a Regularly Conducted Activity.**
The original or a copy of a domestic record that meets the
requirements of Rule 803(6)(A)-(C), as shown by a certification of the
custodian or another qualified person that complies with a federal
statute or a rule prescribed by the Supreme Court. Before the trial or
hearing, the proponent must give an adverse party reasonable written
notice of the intent to offer the record--and must make the record and
certification available for inspection--so that the party has a fair
opportunity to challenge them.

Rule 803 of the Federal Rules of Evidence provides exceptions to the general

exclusion of hearsay evidence, whether the declarant is unavailable or not.

Subsection 6 provides a hearsay exception for record of record of a regularly

conducted activity.  This subsection of Rule 803 is set forth below:

Fed. R. Evid. 803(6) provides:

**Records of a Regularly Conducted Activity**. A record of an act,
event, condition, opinion, or diagnosis if: (A) the record was made at or
near the time by—or from information transmitted by—someone with
knowledge; (B) the record was kept in the course of a regularly
conducted activity of a business, organization, occupation, or calling,
whether or not for profit; (C) making the record was a regular practice
of that activity; (D) all these conditions are shown by the testimony of
the custodian or another qualified witness, or by a certification that
complies with Rule 902(11) or (12) or with a statute permitting
certification; and (E) the opponent does not show that the source of
information or the method or circumstances of preparation indicate a
lack of trustworthiness.

Subsection 7 of Rule 803 further provides an exception for the absence of a

record of a Regularly Conducted Activity.  This subsection of Rule 803 is set forth

below:

Fed. R. Evid. 803(7) provides:

**Absence of a Record of a Regularly Conducted Activity**.
Evidence that a matter is not included in a record described in
paragraph (6) if: (A) the evidence is admitted to prove that the matter
did not occur or exist; (B) a record was regularly kept for a matter of
that kind; and (C) the opponent does not show that the possible source
of the information or other circumstances indicate a lack of
trustworthiness.

The attached certification complies with the requirements of Rule 803(6) and

803(7) and demonstrate the trustworthiness of the records of a regularly conducted

activity.  Further, as required by Rule 902, this pleading provides the defendant

with notice of the government's intent to introduce the records of regularly

conducted activity as attested to in the attached certifications.  The records

referenced by the certification were provided to the defense in discovery.

## CONLCUSION

Accordingly, the certified documents should be admitted into evidence as

certified domestic records of regularly conducted business activity pursuant to Rules

803(6) and (7) and 902(11).

Respectfully submitted,

RYAN A. KRIEGSHAUSER
United States Attorney
District of Kansas

By:     */s/ Sara L. Walton*
        Sara L. Walton, KS Bar No. 24106
        Assistant United States Attorney
        District of Kansas
        290 Carlson Federal Building
        444 SE Quincy Street
        Topeka, KS 66683
        Ph: 785.295.2850 (Office)

Fax: 785.295.2853
sara.walton@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this, I electronically filed the foregoing Notice with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Kirk Redmond, attorney for the defendant.

By:    */s/ Sara L. Walton*
Sara L. Walton, KS Bar No. 24106
Assistant United States Attorney