# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**
> **PLAINTIFF,**

**vs.**                                                **Case No. 5:24-cr-40040-TC**

**DOUGLAS HARPSTER,**
> **DEFENDANT.**

## GOVERNMENT'S NOTICE OF EXPERT WITNESS SPECIAL AGENT BRANDON LaMAR (FED. R. CRIM. P. 16(a)(1)(G))

Comes now, the United States of America, by and through undersigned counsel, provides this designation of expert pursuant to the Court's Trial Order (Doc. 26) and Federal Rule of Criminal Procedure 16(a)(1)(G). The government reserves the right to supplement this designation as circumstances require, and requests full disclosure of all information required pursuant to the Court's Pretrial Order and Federal Rule of Criminal Procedure 16(b) from the defendant and his counsel. In the alternative, the government moves this Court for an order determining the admissibility of the fact witness testimony.

The United States intends to call Federal Bureau of Investigation Special Agent Brandon LaMar as a witness to testify about evidence found on electronic devices seized from the defendant's residence and evidence related to the defendant's involvement in the trafficking of child sexual abuse material (CSAM). The United

1

States intends to call Special Agent LaMar as a fact witness, but also potentially as an expert witness pursuant to Federal Rule of Evidence 702.

## I.    Government's Notice of Intent to Offer Expert Testimony Pursuant to Fed.R.Evid. 16(a)(1)(G)

In this case, Special Agent LaMar was assigned an investigative lead related to an individual in Salina, KS using Freenet to collect child sexual abuse material (CSAM). Specifically, the lead included information that a user of a device connected to a particular IP address was seeking out files containing images and videos of CSAM from December of 2021 through August of 2022. Special Agent LaMar reviewed the files and confirmed, based on his training and experience, that the files depicted CSAM. Special Agent LaMar utilized investigative tools, such as administrative subpoenas, open-source records and physical surveillance to confirm the account holder and users of the IP address. Special Agent LaMar used that information to apply for, and receive, a federal search warrant for the associated residence and individuals. Special Agent LaMar, along with other agents, executed the warrant and seized hundreds of electronic devices and electronic storages devices from the residence. Special Agent LaMar transferred custody of the seized evidence to the Heart of American Regional Forensics Laboratory (HARCFL) for digital forensic examination. Upon the completion of the that examination, Special Agent LaMar reviewed the results and confirmed, based on his training and experience, that evidence of the receipt, attempted receipt, possession and access with intent to view CSAM was located on the devices. Specifically, he viewed suspected files containing suspected CSAM and formed the opinion that the material

did in fact depict minors engaged in sexually explicit conduct.  As will be explained in Section II, the government believes Special Agent LaMar's testimony may also be percipient instead of expert opinion based on his training and experience. However, out of an abundance of caution the government submits the following expert disclosure.

**Opinion:** Special Agent LaMar is expected to testify about the investigative techniques utilized to identify a target in this matter.  He is expected to discuss how he used an IP address to identify the defendant's residence as the likely source of the criminal behavior, including the unique nature of IP addresses.  He is expected to testify about his understanding of peer-to-peer file sharing networks and how offenders utilize such programs to engage in the trafficking of CSAM.  He is further expected to testify regarding his understanding of the file sharing program Freenet.

Special Agent LaMar is also expected to testify about the contents of the devices seized from the defendant's residence for evidence related to the sexual exploitation of children. Specifically, Special Agent LaMar is expected to testify that he located evidence related to the trafficking of child sexual abuse material (CSAM) on the device, including images depicting minors engaged in sexual acts.  Special Agent LaMar may be asked to provide his opinion regarding the approximate age of individuals depicted in images and videos and is expected to testify that images and videos located on the defendant's devices depict minors engaged in sexual acts. Likewise, Special Agent LaMar is expected to testify that he reviewed the files the defendant sought out via Freenet and observed the files depicted images and videos

3

of minors engaged in sexual acts.  Special Agent LaMar is also expected to testify regarding filenames and search terms located on the defendant's digital devices and the relationship between those filenames and terms and the exploitation of children. For example, Special Agent LaMar is expected to testify that the search term "PTHC" stands for "preteen hardcore" and is commonly associated with CSAM and the search term "Lolita" is also associated with CSAM.

Special Agent LaMar may also be asked to testify regarding his experience with digital devices, including the domestic and international manufacturing of the devices.

**Basis and Reasons for the Opinion**: Special Agent LaMar will testify based on his training and experience as a law enforcement officer, generally, and as an agent focused on the investigation of crimes against children, specifically. Special Agent LaMar will additionally rely on his training and experience in the analysis of extracted digital evidence, as well as his experience in multiple investigations involving the sexual exploitation of children.

Likewise, it is possible that Special Agent LaMar may be called upon to answer hypothetical questions regarding the above-described subjects based upon evidence presented at trial or to rebut any defense theory – at which point it would be expected that Special Agent LaMar would draw upon his experience investigating crimes involving the sexual exploitation of children.

**Qualifications:** Special Agent LaMar has more than 16 years of experience as an investigator, including his service as a military police officer and special agent.

4

During his approximately 7 years with the FBI, he has focused on Crimes Against Children which involve primarily the sexual victimization of children, identifying and rescuing child victims, and working to reduce the vulnerability of children to sexual exploitation and abuse. Special Agent LaMar holds certifications related to digital forensics such Cellebrite UFED Mobile Forensic Fundamentals.

Fed.R.Crim.P. 16(a)(1)(G)(iii) additionally requires a list of all publications authored by Special Agent LaMar in the previous 10 years and a list of all cases in which, during the previous four (4) years, Special Agent LaMar has testified as an expert at trial or by deposition. Special Agent LaMar has not issued any publications in the last ten years. In the past four years, Special Agent LaMar has testified as a lay witnessed in federal court but has not testified as an expert.

As the case agent, Special Agent LaMar prepared multiple 302 FBI narrative reports documenting his findings.  These reports detail Special Agent LaMar's involvement in the case, the results of Special Agent LaMar's review of the digital evidence and sets forth a description of some of the images and videos Special Agent LaMar observed that depict CSAM.

Defense counsel has been provided with copies of this witness's reports of examination, and his professional qualifications, and has had an opportunity to review the reports and evidence.  Pursuant to Fed.R.Crim.P. 16(a)(1)(G)(v), Special Agent LaMar has electronically signed this notice below.

---
Brandon LaMar

## II.    Special Agent LaMar's Testimony is Admissible as Fact Witness Testimony

Although the government believes Special Agent LaMar's knowledge, skill, experience, and training satisfy the Fed.R.Evid. 702 standards for expert testimony, in this particular case, his testimony also falls into the category of fact or percipient witness testimony.

Law enforcement officers sometimes fill dual roles -- that is, as a fact witness and as an expert.  Namely, in instances such as the one here, the case agent may have firsthand knowledge from which they can provide factual information, knowledge from which they can provide lay opinion and knowledge or specialized skills that form the basis for an expert opinion. *See United States v. Mendoza*, 236 Fed. App'x. 371, 383-84 (10th Cir. 2007).

The government anticipates that Special Agent LaMar will testify to his firsthand knowledge of the investigation.  However, he many also be asked to rely on his specialized knowledge to answer questions or provide context for his factual observations.

Respectfully submitted,

RYAN A. KRIEGSHAUSER
United States Attorney


*/s/ Sara L. Walton*
Sara L. Walton #24106
Assistant U.S. Attorney
District of Kansas
444 SE Quincy, Suite 290
Topeka, KS 66683

6

Phone: (785) 295-2850
Fax: (785) 295-2853
sara.walton@usdoj.gov


ENCLOSURES:
Attachment 1: Curriculum Vitae re: Special Agent Brandon LaMar


## CERTIFICATE OF SERVICE


I hereby certify that on this, the 12th day of August, 2025, I electronically filed the foregoing Response with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Kirk Redmond, attorney for the defendant.


By:     */s/ Sara L. Walton*
Sara L. Walton, KS Bar No. 24106
Assistant United States Attorney

7