# UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
      PLAINTIFF,

vs.                                                    Case No. 5:24-CR-40040-TC

DOUGALS HARPSTER,
      DEFENDANT.

## GOVERNMENT'S NOTICE OF INTENT TO OFFER EXPERT TESTIMONY OF AMY CORRIGAN
### (FED. R. CRIM. P. 16(a)(1)(G))

Comes now, the United States of America, by and through undersigned counsel, provides this designation of expert pursuant to the Court's Trial Order (Doc. 26) and Federal Rule of Criminal Procedure 16(a)(1)(G). The government reserves the right to supplement this designation as circumstances require, and requests full disclosure of all information required pursuant to the Court's Trial Order and Federal Rule of Criminal Procedure 16(b) from the defendant and her counsel.

The United States intends to call Amy Corrigan, an IT Specialist (Digital Forensic Examiner), employed by the Heart of American Regional Computer Forensic Laboratory (HARCFL), Federal Bureau of Investigation, Kansas City, MO, as a witness to testify about evidence found on electronic devices seized from the Harpster residence, as well as her experience in child exploitation investigations.

I. **Government's Notice of Intent to Offer Expert Testimony Pursuant to Fed.R.Evid. 16(a)(1)(G)**

In this case, Ms. Corrigan conducted the forensic extraction of the data from the devices seized from the Harpster residence. Because of the large number of devices submitted, Ms. Corrigan utilized a preview process to review items. Those items that appeared to contain data of possible relevance were further forensically processed. Items with no recognizable data or with no relevant data were not processed further. Ms. Corrigan is expected to testify that she utilized forensically reliable tools to extract data from the devices and/or forensically images devices for analysis. Ms. Corrigan located information relevant to the investigation into the sexual exploitation of children and user attribution on the following devices:

1. Cooler Master desktop computer;
2. MSI laptop computer;
3. Lenovo IdeaPad Yoga;
4. Supermicro 24-bay server;
5. Apple MacBook Pro; and
6. Black Samsung cellphone.

**Opinion:** Ms. Corrigan prepared two reports of her finding which detail her examination. Ms. Corrigan will testify that she located forensic evidence relevant to the sexual exploitation of children on devices seized from the Harpster residence; conversely, she will testify that she did not locate evidence on all of the devices submitted for her review. For those devices containing evidence of criminal conduct, Ms. Corrigan will testify that she located artifacts related to the possible child sexual abuse material (CSAM), including references to files with names indicated of CSAM. Ms. Corrigan will further testify that she located carved images of possible CSAM

and over 1,000 thumbcahe images of possible CSAM.  Evidence of synchronization of devices, as well as backup files, were located on some of the devices noted above.

Ms. Corrigan will testify that evidence of IP address 70.179.157.91 was located in artifacts on the Cooler Master desktop, the MSI laptop and the MacBook. The IP address appeared in artifacts with dates ranging from late 2021 to early 2023.

Ms. Corrigan will testify that the MSI laptop further contained two virtual drives.  Ms. Corrigan located artifacts on the MSI laptop showing the user of Windows Hypervisor features to launch and use the virtual drives. Upon review of the MSI laptop, Ms. Corrigan located artifacts including event logs and link files that support the access and/or existence of possible CSAM via the virtual drives. She will testify that possible evidence of the use of the Freenet filesharing software program was located in the file paths for the drives, as evidenced by reference to reference to "frost."  Specifically, she will testify that the file paths include reference to "frost" and "frost-next" and event log artifacts support the virtual drives being accessed from the MSI laptop.  Ms. Corrigan also located evidence that the drives were possibly accessed by the Cooler desktop computer as well. She will testify that the virtual drives are Bitlocker encrypted and submitted to the FBI Secure Technology Exploitation Unit (STXU).  FBI STXU was able to decrypt one of the drives and located root-level folders for Freenet and the use of the Onion Router (Tor) to access the dark web.  No images of CSAM were located on the drive.  The contents of the other drive remains unknown.

Ms. Corrigan will testify that the contents of the Samsung cellphone contained artifacts with likely dates from October 18, 2022 through February 22, 2023.  Ms. Corrigan will testify that she located a few web Uniform Resource Locators (URLs) from December 24, 2022 and February 5, 2023 that included the term PTCH.  The term PTCH can mean preteen hardcore when referring to CSAM. Ms. Corrigan also located applications for a secure shell application and two virtual private network applications (VPNs).

Ms. Corrigan will provide the jury with definitions and explanations of the terms used in her opinion, relying on her extensive training and experience in digital forensics.  For example, she will define common digital artifacts, such thumbcache, link files, and carved images.  Ms. Corrigan will discuss the term hash value and explain to the jury how hash values are used as an investigatory tool. Ms. Corrigan will describe how encryption and Bitlocker are used to protect the contents of files and limit access.  Likewise, she explain the use of VPNs and secure shell application to facilitate private internet and device use.

Ms. Corrigan may also be asked to testify regarding her observations, training and experience regarding generalized child pornography trafficking or collecting behaviors, to include that collectors of child pornography usually maintain access to their collection in a variety of capacities including hidden folders and cloud based accounts or applications, that consumers of child pornography commonly "download, view, delete, repeat" the child pornography files from their devices as a counter

detection measure.[1]  Additionally, Ms. Corrigan may testify regarding her training and experience regarding peer-to-peer software, Tor browsers, and Freenet and how/why those platforms are used by individuals to traffic CSAM.  Ms. Corrigan may also be asked to testify regarding her experience with digital devices, including the domestic and international manufacturing of the devices.  Ms. Corrigan may also be asked to explain the significance (in relation to child exploitation investigations) of certain terms, acronyms and abbreviations which appear in search terms, filenames, and web history found on the defendant's devices.

Ms. Corrigan will testify that she provided a full examination report to the case agent review.  She will explain that it is the case agent's role to review the identified images and confirm the existence of CSAM.

**Basis and Reasons for the Opinion**: Ms. Corrigan will discuss how the devices seized from the Harpster residence came into her possession and the extraction methods utilized in the examinations, including the use of the FBI Mobile Device Unlock Service (MDUS) and the FBI STXU for the most comprehensive

---

[1] *See United States v. Bindues*, 741 F.Supp. 3d 967, 980-981 (D.N.M. 2024)(generalized expert testimony regarding child sex abuse victims to educate the factfinder about general principles permitted under Rule 702).  Additionally, generalized expert statement of child pornography collector characteristics is routinely included in search warrant applications and properly relied upon by Magistrate Judges within the circuit to assist with the probable cause determination. *United States v. Riccardi*, 405 F.3d 852, 860-861 (10th Cir. 2005)(affidavit's statement that possessors of child pornography often obtain and retain images of child pornography, along with other facts, was more than enough to support probable cause in the face of a staleness argument because "The observation that images of child pornography are likely to be hoarded by persons interested in those materials in the privacy of their homes is supported by common sense and the cases. Since the materials are illegal to distribute and possess, initial collection is difficult. Having succeeded in obtaining images, collectors are unlikely to destroy them. Because of their illegality and the imprimatur of severe social stigma such images carry, collectors will want to secret them in secure places, like a private residence. This proposition is not novel in either state or federal court: pedophiles, preferential child molesters, and child pornography collectors maintain their materials for significant periods of time.")

extraction.  Ms. Corrigan will testify regarding her analysis of the devices, including the content of the devices and where the files relevant to the investigation were located on the devices. The case agent, and potentially other witnesses, will also discuss the files as a fact witnesses.

Additionally, Ms. Corrigan will explain the various steps involved in forensic examination of electronic and storage devices, such a physical examination, write-protection, and forensic imaging, including the following:

a.      the tools and process(es) used to extract data and information from the devices submitted for examination in this case;

b.      how, where, and when data and information was stored on the devices, including timelines, account identifies, settings, and user attribution information; and

c.      the types of applications installed or located on the phone and computer, including discussion of how the various applications operate, log, and store data and information.

Ms. Corrigan will explain that based on her training and experience, these tools and methods creates an accurate and reliable extraction of digital a device at the moment in time in which the extraction is performed.  She will testify that the methods used protect the data from examiner manipulation and are accepted within her field as reliable.

Likewise, it is possible that Ms. Corrigan may be called upon to answer hypothetical questions regarding the above-described subjects based upon evidence presented at trial or to rebut any defense theory – at which point it would be expected that Ms. Corrigan would draw upon her extensive experience researching, examining and analyzing digital media to address those questions.

**Qualifications:** Ms. Corrigan has more than 42 years of experience in computer science, with over twenty (20) years of experience with the FBI Digital Evidence Section and FBI Technical Personnel Development Unit, serving as a program manager and Acting Unit Chief.  Ms. Corrigan holds multiple certifications related to digital forensics such FBI CART Master Digital Forensic Examiner Certification and FBI Mobile Device Certification, as detailed in her curriculum vitae, which is attached.

Fed.R.Crim.P. 16(a)(1)(G)(iii) additionally requires a list of all publications authored by Ms. Corrigan in the previous 10 years and a list of all cases in which, during the previous four (4) years, Ms. Corrigan has testified as an expert at trial or by deposition. Ms. Corrigan has not issued any publications in the last ten years.

In the past four years, Ms. Corrigan has testified in the following judicial proceedings or deposition:

| | |
|---|---|
| July 2021 | County – Livingston County – State of Missouri v Tanner Johnson (19LV-CR-00334-01) |
| March 2022 | County – Jackson County – State of Missouri v Damon Kerr (1916-CR00647-01) |
| March 2022 | Federal – US v Kevin Lewis (6:20-CR-10028-EFM-11) |
| August 2022 | County – Platte County – State of Missouri v Brian Keeling (21AE-CR03074-01) |
| September 2022 | Federal – US v Ladele D. Smith, et al (19-00315-CR-W-DGK) |
| February 2023 | County – Jackson County – State of Missouri v Rashidi Crosdale (2016-CR02020) |
| February 2023 | County – Jackson County – State of Missouri v Tyree West (2016-CR02021) |
| May 2023 | County – Jackson County – State of Missouri v Eugene Birdsong (1816-CR05677) Federal – US v Lester Brown |
| May 2023 | Federal – US v Clint Schram (20-06002-01-CR-SJ-DGK) |
| July 2023 | County – Jackson County – State of Missouri v Hendricks (2116- |

|             | CR01799-01)  and Ybarra (2116-CR01768-01) |
| July 2023 | Federal – US v Anthony Jordan - Eastern District of Missouri (St. Louis) (4:15-CR-404-HEA) |
| August 2023 | Federal – US v Burkhalter, et al (18-0036-01/02-CR-W-BCW) |
| February 2025 | Federal – US v. Shafe – District of Kansas |
| February 2025 | Federal – US v. Anthony Jordan – Easter District of Missouri |
| May 2025 | County – Clay County, MO – State of Missouri v. Steven Woods |
| July 2025 | Federal – US v. Frank Castro – District of Kansas |

Ms. Corrigan prepared two reports detailing her processing and conclusions regarding the devices seized from the Harpster residence. In her report Ms. Corrigan sets forth a description of the evidence she was asked to examine, her method(s) of extraction, which items she examined, and the results. The reports are signed by Ms. Corrigan and contains "all the opinions and the basis and reasons for them required by [Fed.R.Crim.P. 16(a)(1)(G)] (iii)." As such, Ms. Corrigan is not required to sign this notice pursuant to Fed.R.Crim.P. 16(a)(1)(G)(v).

Defense counsel has been provided with copies of this witness's reports of examination, and her professional qualifications.  The full device extraction reports were made available to the defense for review.

Respectfully submitted,

RYAN A. KRIEGHAUSER
United States Attorney

/s/ Sara L. Walton
Sara L. Walton, #24106
Assistant United States
Attorney District of Kansas
444 SE Quincy, Suite
290 Topeka, KS 66683
Phone: (785) 295-2680
sara.walton@usdoj.gov

ENCLOSURES:
Attachment 1: Curriculum Vitae re: Amy Corrigan

**CERTIFICATE OF SERVICE**

     I hereby certify that on the 12th day August, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Kirk Redmond, attorney for defendant.

s/ Sara L. Walton<br>
Sara L. Walton<br>
Assistant United States Attorney
