# UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**
          **PLAINTIFF,**

vs.                                                   **CASE NO. 5:24-CR-40040-TC**

**DOUGLAS HARPSTER,**
          **DEFENDANT.**

## GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS

**COMES NOW** the United States of America, by and through Ryan A. Kriegshauser, United States Attorney for the District of Kansas, and Sara L. Walton, Assistant United States Attorney, and respectfully submits the following proposed voir dire questions for the Court's consideration.

## PROPOSED VOIR DIRE QUESTIONS

### Ability to Serve as a Juror

1. Are any of you so preoccupied with some issue or problem in your life, whether personal or job-related or of any kind whatsoever, that you feel you cannot concentrate on the testimony and evidence in this trial, which is expected to last 2-3 days?

2. Are any of you so angered or irritated at having been summoned to jury duty that you feel you cannot give either side a fair trial?

3. This trial is set for 2 days, is there any reason any of you cannot give your full attention for the next couple of days?

4. Are any members of the panel currently dealing with a mental or physical condition that would make service on the jury difficult? Are any of you taking any medication that may impair your ability to serve on this jury?

5. Are any members of the panel currently dealing with a health condition that you believe cannot be accommodated or is not being accommodated?

6. Are there any members of the panel who have a physical or mental condition that would affect their ability to hear and see evidence and testimony?

**Prior Knowledge of the Court, Parties, Defendant or Witnesses**

7. Do any of you know or have a relationship, personal or professional, with any member of the prosecution, the defense team, the defendant, the Court, or Court staff.

8. Do any know any employee of the United States Attorney's Office, the Office of the Federal Public Defender, the United States District Court for the District of Kansas, or the Federal Bureau of Investigations?

**Case Specific Questions – Technology**

9. The parties would like to get an idea of your level of technological comfort. As a starting point, who does not use the internet on a least semi-regular basis?

    If not, please elaborate or explain why?

10. How many of you know how to download something from the internet?

11. How many of you know how to find it and open it once you download it?

12. We have already spoken a bit about all of your professions but as it relates to technology – do any of you have advanced in training in the area of technology, such as computer science, coding, website design, etc?

    If yes, what training?
    Do you use that training in your current job?

13. Has anyone previously been employed in a position such as IT, computer programing, device repair, etc?

    If so, where did you work and what was your position?
    How long did you work there?

14. On the other end of the spectrum, does anyone consider themselves to be computer illiterate – no computer experience at all?

15. Has anyone used peer-to-peer filing sharing programs to access music, episodes of TV shows or movies? Some of these included Limewire or Napster that are several years old. More common current versions are called BitTorrent, ShareDrop, or LocalSend?

    If yes, please elaborate?

16. Has anyone heard of the filesharing program Freenet? Or Hyphanet?

    If yes, please explain where you learned about Freenet?
    Have you personally used Freenet?
    For what purpose?

17. Who has heard the term "darknet"?

    Have any of you accessed the darknet?
    For what purpose?

**Case Specific Questions – Child Pornography**

18. This case involves the distribution, receipt and possession of child sexual abuse material, commonly referred to as child pornography. The announcement of those charges may evoke strong feelings, which is perfectly natural. The inquiry is not whether you have strong feelings, but whether you have opinions, beliefs, or experiences that would prevent you from being fair and impartial as you listen to the evidence.

    With that in mind, is there anyone with opinions, beliefs, or experiences that would affect your ability to be a fair and impartial juror in this case, listening to all the evidence and waiting for my instructions before making a decision?

19. As I am certain you have surmised, a part of the evidence in this case will be the images themselves, which the government alleges: (1) constitute child pornography and (2) that the defendant trafficked or possessed in violation of federal law. These images may be distasteful, offensive and unpleasant to view.

    However, the prospect of having to see distasteful, offensive an unpleasant evidence is not a basis to avoid the responsibility of jury service. If we excused prospective jurors on the ground that jury duty makes demands—including some unpleasant demands—then we could not function.

Moreover, the parties have the right to expect that prospective jurors will not seek to avoid jury service simply because they would rather not serve, or because they would like to avoid some unpleasantness.

Having said that, is there anyone who honestly believes there is some compelling reason why he or she could not be an impartial juror—that is to consider all of the evidence and follow the law—simply because images depicting alleged child pornography will be presented as evidence in this trial?

20. Do you agree that you could view images of this nature of still remain fair and impartial and give the defendant a fair trial?

21. Does anyone hold the belief that images or videos of sexual acts with or by minors should be legal?

22. Perhaps stated another way, does anyone hold the belief that creating, child pornography is artist expression or the possessing or exchanging is protected by the Free Speech Clause and should be legal under the First Amendment?

23. Do you have any feelings on whether the law prohibiting the trading and possession or child pornography should be enforced more or less vigorously than other laws?

24. Do you any of you believe that child pornography should be available on the internet?

25. Doe any of you believe that privacy on the internet should extend to all internet activities, including those activities involving child pornography?

    If yes, please explain.

26. If so, can you put that personal belief aside and follow the law as instructed in this case? Would you have any difficulty abiding by the instructions to you that such activity is not, as a matter of law, protected under the United States Constitution?

27. Have you, a family member, or a close friend ever been the victim(s) of any child pornography offense or of sexual violence or assault?

    If yes, please explain.

28. Have you, a family member, or a close friend ever been accused of any child pornography offense or a crime of sexual violence or assault?

        If yes, please describe the accusation;
Was there a police or social services investigation;
Was the matter ever resolved;
If yes, please explain how; and
Do you believe you or the person was treated fairly; and was the matter resolved to your satisfaction?

29. Have you ever known anyone who you thought was falsely accused of child pornography offense or sexual violence or assault? If yes, please explain the circumstances?

30. Is there anything about the nature of the charges or the types of offense with which the defendant is charged that would in any way affect your ability to serve as a fair and impartial juror?

**Personal Beliefs About the Justice System and Law Enforcement**

31. Criminal prosecutions in federal court are prosecuted by the United States Attorney's Office, a component of the United States Department of Justice, an Executive Branch Component of the United States Government. Do any members of the jury panel distrust of the federal government generally, or the Department of Justice specifically, to such an extent that you could not return a verdict of guilty, even if, after a fair consideration of the evidence, the government proved one or more of the alleged offenses beyond a reasonable doubt?

32. Do any members of the jury panel harbor a general distrust of the criminal justice system to the extent that you could not return a verdict of guilty even if, after a fair consideration of the evidence, the government proved one or more of the alleged offenses beyond a reasonable doubt?

33. Does anyone on the panel believe the judicial system in general is unfair? Would these feelings prevent you from being fair and impartial in this case?

34. Some of the witnesses in this trial are likely to be law enforcement officers. Do you hold any opinions against law enforcement officers that would color how you view their testimony?

35. Would you tend to give lesser or greater weight to the testimony of a law enforcement officer or agent simply because that person was a law enforcement officer or agent?

36. Has anyone here ever had a particularly bad or unpleasant experience with a police officer or a federal agent, such that you would be unable to fairly evaluate the testimony of a person who holds one of those positions?

37. Do any among you have any conscientious objection, religious belief, or mental reservation such that you could not, in good faith, sit as a juror in this or any criminal case and return a verdict? In other words, do any of you have a deep personal belief or reservation that would cause you to render a not guilty verdict even if, after fair consideration of the evidence, the government proved beyond a reasonable doubt that the defendant was guilty of one or more of the crimes charged?

38. A juror in a criminal case makes factual judgments. Do you understand that your job here is not to stand in judgment of the Defendant has a person but rather to determine whether the evidence, or facts, show the defendant committed certain actions in violation of the law as provided to you by this Court? Will have an issue separating the two concepts?

**<u>Prior Legal Training or Experience</u>**

39. Have you, any member of your family or any close friend, ever attended law school, student the law or criminal justice, or had legal training? If so, would that affect your ability to fair and impartial if you were selected as a juror on this case?

40. Have you or has anyone close to you ever worked for or been associated with a United States Attorney's Office, the Attorney General's Office, or a District Attorney's Office, or any other prosecuting authority?

41. If you have developed any preconceived notions of the law, either based on your own experience or the experience of family or a close friend, will you be able to set those notions aside and follow instructions as given to you by the Court?

42. Have any of you worked in law enforcement or received any law enforcement training?

43. Do any of you have family members or close friends who work in law enforcement?

**<u>Prior Involvement with Criminal Justice and Court System</u>**

44. Are there any among you or among your family or close personal friends who at any time prior to today or at present, have been the subject of an investigation by an agency or the state or Federal Government or have any

case pending in state or federal court at this time? Short of that, has anyone had an unpleasant experience, either directly or through a family member or friend, involving any agency of the state or Federal Government?

45. Have you, or member of your family, or close personal friends, ever been accused of a crime, charged with a crime, convicted of a crime or been the subject of a criminal investigation?

46. Have you, or any member your family, or a close friend ever been a victim of a crime?

   Did you make a report;
   Was it investigated;
   Were charges filed;
   Did you have to testify in court;
   Do you believe you or the person was treated fairly; and was the matter resolved to your satisfaction?

47. Have you or any member of your family, or a close friend ever been a witness to a crime?

48. Have you, or any member of your family or a close friend ever testify as a witness in a criminal case?

49. Is there anything about those experiences that would make it difficult for you to give the parties a fair and impartial hearing or impact your ability to follow the instructions given to you at the end of the case?

50. Do you regularly watch or listen to any law or crime related programs? Which ones? Based on the programs you watch or listen to, have you formed an opinion regarding the type of evidence necessary for the government to satisfy its burden of proof?

**Prior Jury Service**

51. Have you served on a jury before?

52. Was it a criminal or civil case?

53. Without stating the verdict, was the jury able to reach a verdict in the case?

54. Were you the foreperson of the jury?

55. If you previously served as a juror, the law governing charges and proceedings in this case may be different than that which governed your prior experience. Is there anything about your prior service that will prevent you from applying the law as I instruct you in this case, even if it is different than what you heard in your prior service?

**General Legal Principals**

56. As a juror you are responsible for judging the credibility of witnesses. Providing testimony in Court, state or federal, criminal or civil, can in and of itself cause a witness to be nervous. Are they any panel members who would discredit the testimony of a witness for no other grounds than they appeared nervous?

57. The law of the United States provides that a defendant does not have to testify in any criminal case. Our law further provides that if a defendant fails to testify you may not consider that for any purpose in deciding whether the defendant is guilty. Is there any member of the jury panel who, because of personal feeling or otherwise, would not be able to follow that law?

58. Is there any member of the jury panel that feels that if a defendant does not testify then it is some indication that the defendant might be guilty?

59. Does each member of the jury panel understand that an attorney, whether the prosecuting attorney or the defense attorney, has a legal duty to object to evidence he feels should not be legally admitted before the Court or the jury?

60. Does each member of the jury panel understand that you cannot consider the fact that objections were made to certain evidence, regardless of the Court's ruling, as any indication of a defendant's guilt? In addition, does each member of the panel understand that you should not consider objections as one side trying to "hide" something?

61. Will each member of the jury panel vote your own personal individual vote in this case regardless of the feelings of the other jurors?

62. Will each member of the jury panel vote your own personal vote even if you are in a very small minority in that vote?

63. Is there any member of the jury panel that thinks that just because the defendant sits here that he is guilty?

64. Does each member of the jury panel understand that if you were called on to vote for guilty or not guilty at this time you would have to vote not guilty because of the presumption of innocence?

65. Does each member of the jury panel understand that your decisions in this case should not be based on the attorneys' performance? In other words, do all members of the panel agree that your decisions should not be based on whether you believe the attorney for the government, or the defendant, did a "good job" or a "bad job."

66. If you are selected as a juror, at the conclusion of the trial the Court will instruct you on the law. As a juror you will be obligated to follow that law. Do any members of the jury believe it is appropriate to *not* follow the law if you disagree with it?

67. Does each member of the jury panel understand that a defendant is not required to prove that he is innocent?

**Concluding Question**

68. If you were on trial, would you want yourself as a juror?

69. Can you think of any reason, which has not been covered by these questions, why you could not be a fair and impartial juror in this case?

70. Is there any member of the jury panel who has personal opinions, beliefs, or reservations that were not addressed in Court's questions, but you believe the Court should be aware of? Or now that you've had a chance to think back, any questions you should have answered in the affirmative?

Respectfully submitted,

RYAN A. KRIEGSHAUSER
United States Attorney
District of Kansas

By: */s/ Sara L. Walton*
Sara L. Walton, KS Bar No. 24106
Assistant United States Attorney
District of Kansas
290 Carlson Federal Building
444 SE Quincy Street

Topeka, KS 66683  
Ph: 785.295.2850 (Office)  
Fax: 785.295.2853  
sara.walton@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this, I electronically filed the foregoing Proposed Voir Dire with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Kirk Redmond  
Assistant Federal Public Defender

By:     */s/ Sara L. Walton*  
            Sara L. Walton, KS Bar No. 24106  
            Assistant United States Attorney